UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

USDC CLERK, RECEIVED
CHARLESTON, SC
2006 JAN -6  P 1: 25

| | |
|---|---|
| Tim H. Gilmore *(aka Henry Tim Gilmore, Tim Henry Gilmore)*, #1210606,<br><br>Plaintiff,<br><br>vs.<br><br>Nurse Howard;<br>Nurse Caldwell;<br>Nurse Williams;<br>Doctor Peining, Charleston County Detention Center; and<br>City of North Charleston, S.C.,<br><br>Defendants. | ) C/A No. 2:05-3183-DCN-RSC<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff has filed this matter pursuant to 42 U.S.C. § 1983 alleging staff at the Charleston County Detention Center have failed to provide him with adequate medical care. Plaintiff states he is bleeding internally, and has not been given medical care because he is HIV positive. He alleges his grievances are ignored. Plaintiff maintains that he was transported to the Medical University of South Carolina (MUSC) for treatment and was given blood transfusions. Plaintiff claims that although he was released from the hospital he is still experiencing blood loss.

Plaintiff also alleges that he was arrested for strong arm robbery approximately one and a half years ago. He states that he was hit in the lower back with an unknown object by the police, causing partial paralysis to his right leg. Plaintiff asserts that his complaints to Internal Affairs were ignored, and that he has not received medical treatment for the injuries.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A,

and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## PREVIOUS DISMISSALS

In this Court, Plaintiff has filed eight (8) *pro se* actions in the past eleven (11) months. See Gilmore v. Howard, et al., 2:05-3183 (D.S.C. 2005); Gilmore v. Frazier, et al., 2:05-2079 (D.S.C. 2005); Gilmore v. Harrison, et al. 2:05-1563 (D.S.C. 2005); Gilmore v. Triplet, et al., 2:05-1375 (D.S.C. 2005); Gilmore v. Inzerillo, 2:05-1106 (D.S.C. 2005); Gilmore v. Wynn, 2:05-0703 (D.S.C. 2005); Gilmore v. Austin, 2:05-0194 (D.S.C. 2005); Gilmore v. Sink, 2:05-0128 (D.S.C. 2005), *aff'd* 140 Fed. Appx. 473 (4th Cir. 2005).

It has come to the attention of this Court that Plaintiff has also filed a number of actions under 42 U.S.C. § 1983 in the Eastern District of North Carolina. See Gilmore v. Amy, et al., 5:01-0455-BO (E.D.N.C. 2001); Gilmore v. Street, et al., 00-0950 (E.D.N.C. 2000) dismissed as frivolous; Gilmore v. Raper, et al., 99-0782-5-BR (E.D.N.C. 1999), *aff'd* 225 F. 3d 654 (4th Cir. 2000) dismissed as frivolous; Gilmore v. Strickland, et al., 98-0829-5-BR (E.D.N.C. 1998) dismissed for failure to state a claim, *aff'd* 211 F. 3d 1264 (4th Cir. 2000); Gilmore v. Brown, et al., 98-0063-5-BO (E.D.N.C. 1998) dismissed for failure to state a claim, *aff'd* 225 F. 3d 654 (4th Cir. 2000); Gilmore v. Harris, 4:96-0598 (E.D. N.C. 1996); Gilmore v. Harris, 4:96-0077 (E.D. N.C. 1996).[1] Plaintiff filed an action in the Western District of Oklahoma as well, which was dismissed when he failed to file documents required by the Prison Litigation Reform Act (PLRA) of 1996. See See Gilmore v. Morris, 5:01-1425 (W.D. Oklahoma 2001).

Federal courts, in appropriate circumstances, may take notice of their own records and also proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989). This doctrine is so well settled that only a limited citation of authorities is possible here. Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980); St. Louis Baptist Temple v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir.1979); Barrett v. Baylor, 457 F.2d 119, 124 n. 2 (7th Cir.1972); United States ex rel. Geisler v. Walters, 510 F.2d 887 (3rd Cir. 1975); Rhodes v. Houston, 309 F.2d 959 (8th Cir. 1963); St. Paul Fire & Marine Insurance Company v. Cunningham, 257 F.2d 731 (9th Cir. 1958).

Based on the foregoing, Plaintiff cannot maintain this action under the PLRA, a significant

---

[1] – The docket records for these cases are accessible at the Public Access to Court Electronic Records (PACER) website maintained by the United States District Court for the Eastern District of North Carolina. See <https://ecf.nced.uscourts.gov>.

provision of which is codified as 28 U.S.C. §1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In <u>Gilmore v. Amy, et al.</u>, supra, the Honorable Terrence W. Boyle, Chief United States District Judge for the Eastern District of North Carolina, entered an order of dismissal pursuant to 28 U.S.C. § 1915(g). Chief Judge Boyle found:

> The Plaintiff has filed numerous complaints in this federal judicial district. At least three previous cases filed by the Plaintiff, *Gilmore v. Strickland*, 5:98-CT-829-BR (E.D.N.C., J. Britt, dismissed 11/16/99), *Gilmore v. Raper, et al.*, 5:99-CT-782-BR (E.D.N.C., J. Britt, dismissed 3/8/00), and *Gilmore v. Street*, 5:00-CT-950-H (E.D.N.C., J. Howard, dismissed 1/29/01), were dismissed as frivolous or for failure to state a claim.

Finding further that Gilmore had failed to allege imminent danger of serious physical injury, Chief Judge Boyle concluded that the plaintiff could not maintain his action.

The undersigned does not find that the Plaintiff's claims herein fall within the "imminent danger of physical injury" exception to the "Three Strikes" Rule. Admittedly it is arguable that "danger of physical injury" could arise from internal bleeding, however, assuming, without deciding that the alleged incident described by plaintiff created a danger of physical injury, such danger cannot be said to fall within the exception to the "Three Strikes Rule" because the danger is not "imminent". In fact, the danger, if any, has passed, since plaintiff was treated and released. *See* <u>Banos v. O'Guin</u>, 144 F.3d 883, 884-85 (5th Cir. 1998)(In order to meet the "imminent danger of physical injury" exception to the three-strikes rule, the danger alleged must be imminent at the time that the Plaintiff files his complaint.); *See also* Report and Recommendation adopted by the District Court in <u>Maxton v. Ulrich</u>, Civil Action No. 0:01-2552 (Since the events that placed the petitioner's life in danger

happened more than one month prior to the mailing of the pleadings, the petitioner fails to satisfy the requirement of imminent physical harm at the time he mailed his pleadings."). This is also true of plaintiff's injuries allegedly administered by a law enforcement officer. By plaintiff's own admission, the incident occurred over a year and a half ago. As a result, Plaintiff's case is subject to dismissal under that Rule. 28 U.S.C. § 1915(g);

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and "new" 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

***The plaintiff's attention is directed to the important notice on the next page.***

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
Date 1/6/06

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402